**NOT FOR PUBLICATION**

FILED

MAR 09 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30141 |
| Plaintiff - Appellee, | D.C. No. 6:09-cr-00023-DWM |
| v. | |
| KIMBERLY JEAN PALMER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Kimberly Jean Palmer appeals from the 48-month sentence imposed
following her guilty-plea for wire fraud/business embezzlement, in violation of
18 U.S.C. § 1343, and bank fraud/employer embezzlement scheme, in violation of
18 U.S.C. § 1344.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Palmer contends that her sentence is substantively unreasonable because it is based on her need for treatment, does not reflect her impulse control condition, and creates an unwarranted sentencing disparity with similar situated defendants. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, the sentence is substantively reasonable. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

Palmer also contends that the district court departed from the Sentencing Guidelines and failed to provide notice under Federal Rule of Criminal Procedure 32(h). The record reflects that the district court varied from the Guidelines under 18 U.S.C. § 3553(a), and it had no obligation to provide Palmer notice. *See Irizarry v. United States*, 553 U.S. 708, 714 (2008) (limiting the Rule 32(h) notice requirement to departures under 18 U.S.C. § 3553(b)).

Contrary to Palmer's contention, she is not entitled to judicial estoppel.

**AFFIRMED.**